## Ingram v. Reinhold

*McTighe, Markel & Coates*, for plaintiff.
*Donald A. Gallagher*, for defendant.

DANNEHOWER, J., July 23, 1946.—On June 25, 1946, a justice of the peace gave judgment for possession

of premises 229 Marlborough Road, Ardmore, Lower Merion Township, Montgomery County, Pa., in favor of the owner, David Ingram, and against the tenant. The tenant has taken an appeal and under the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, c. 888, 54 Stat. at L. 1178, as amended by the Act of October 6, 1942, c. 581, 56 Stat. at L. 769, has asked for a stay of eviction proceedings on the ground that she is a dependent of her son, David, who is in the military service, and from whom she receives a monthly allotment of $100.

The testimony heard reveals that the tenant has been a lessee of this dwelling since January 1940 at a monthly rental of $50, which has always been paid promptly; that she resided there with her two sons, one, David, who is still in the United States Navy, and the other, Robert, who since his discharge from the military service has not been able to contribute to his mother's support. Robert has purchased a small home for himself and mother under the G. I. bill of rights, but cannot obtain possession until sometime in September 1946. The tenant is ill, under a doctor's care, unable to work, and at the present time is entirely dependent on the monthly allotment from David.

The present owner of the property purchased it in October 1945, taking an assignment of the existing lease, and at that time the Office of Price Administration sent notice to the tenant advising her that action to remove her was authorized at the expiration of six months, namely, on April 29, 1946. The 30 days' notice under the terms of the lease was also served on the tenant, and she was ordered to vacate on or before June 15, 1946. She still remains in possession of said premises. Mr. and Mrs. Ingram, who purchased these premises, are 72 and 76 years of age, respectively, in ill health and under a doctor's care. They have been living with relatives, in a small, third-floor apartment, in a crowded condition. Climbing steps has a very bad

effect on their physical well-being. They have been patiently waiting for the past nine months to get settled in their newly purchased home.

The Soldiers' and Sailors' Civil Relief Act of 1940, as amended, authorizes a stay of proceeding, . . . "Unless in the opinion of the court the ability of the tenant to pay the agreed rent is not materially affected by reason of such military service . . ." and section 306 extends the benefits of the Act to dependents of a person in the military service "unless in the opinion of the court the ability of such dependents to comply with the terms of the . . . lease . . . has not been materially impaired by reason of the military service of the person upon whom the applicants are dependent". The tenant has always paid the rent promptly and is financially able to pay future rent. Neither her ability to pay the agreed rent nor her ability to comply with the terms of the lease have been materially affected by reason of her son's military service. In April 1946, her doctor advised her, because of illness, and nervousness, to take a leave of absence from a position paying $70 weekly. What the tenant really desires is a stay of proceedings until she and her son can get possession of their new home, because in the past months she has been unable to find another house or apartment. Such a state of facts does not come within the benefits of the Soldiers' and Sailors' Civil Relief Act.

We regret exceedingly that the tenant has been unable to secure some other abode, and that she is not in good health; but there is equal, if not greater, hardship and inconvenience upon Mr. and Mrs. Ingram, who should be permitted to occupy their own property after a period of nine months since their purchase.

And now, July 23, 1946, for the foregoing reasons, the stay applied for is refused, and the petition dismissed.

*Amended opinion*

DANNEHOWER, J., July 29, 1946.—Counsel for the tenant in these eviction proceedings complains that the court failed to consider and rule upon one of the legal questions raised on the appeal, namely, that the transcript does not show that leave of court was granted on application to bring such eviction proceedings before the magistrate.

The Soldiers' and Sailors' Civil Relief Act of 1940, sec. 300, 50 U. S. C. §530, provides:

"(1) No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."

Section 101 (50 U.S.C. §511) defines the term "court" as used in this act to include "any court of competent jurisdiction of the United States or of any state, whether or not a court of record".

The record shows, and the evidence discloses that, the tenant, although properly served, did not appear at the magistrate's hearing. Her attorney, however, advised the magistrate by letter that his client claimed the benefits of the Soldiers' and Sailors' Civil Relief Act as a dependent of her son. Said request was ignored and refused by the justice of the peace.

Therefore, the justice knowing this contention, proceeded with the case and entered judgment for possession, the transcript showing "affidavit filed in accordance with the Soldiers' and Sailors' Relief Act of 1940". Surely, the justice granted leave to bring and continue the action, and his is a court not of record. The act reads "no eviction shall be made . . . except upon leave of court granted upon application therefor *or granted in an action or proceeding affecting the right*

*of possession."* (Italics supplied.) We believe under the circumstances of this case, the justice did grant leave to begin and proceed with this proceeding, notwithstanding no formal or written application was mentioned in the transcript.

And now, July 29, 1946, for the foregoing reasons, the decree of July 23, 1946, is affirmed, the stay refused, and petition dismissed.